ROBERTSON, Justice:
The appellant, Tommy McNeal, was indicted, tried and convicted of the crime of murder in the Circuit Court of Coahoma County, Mississippi. The jury, in its verdict, fixed the punishment at life inprisonment in the penitentiary.
About 11:30 p. m., March 9, 1968, James Bogan Weems, the manager of the Red Bird Service Station on U. S. Highway 61 in Clarksdale, Mississippi, was killed with a single pistol shot. The proof was that the appellant attempted to rob the Red Bird Service Station and shot the manager when he resisted. The evidence was sufficient to prove beyond a reasonable doubt that the appellant committed the offense, and the jury was justified in returning a verdict of guilty.
The principal complaints of the appellant are: that the trial court erred in granting (1) an instruction for the State containing this language, “ * * * and in said attempt to rob the said James Bogan Weems, did willfully, unlawfully and feloniously shoot and kill James Bogan Weems,” and (2) an instruction defining the offenses of robbery and attempted robbery.
The granting of both of these instructions was proper in this case. The proof was that the appellant was in the act of robbing or attempting to rob James Bogan Weems at the time he shot and killed him.
Witnesses testified that the appellant made the statement that he was going to get some money, that he exhibited his pistol to them before the attempted robbery and killing, that money was found on the driveway of the service station after the shooting, and that the drawer of the cash register was open. The evidence was ample and sufficient to justify a definition of these two collateral offenses.
41 C.J.S. Homicide § 361 (1944) thus explains the applicable law:
“Where a homicide is perpetrated in the commission of another offense, and is for that reason murder, or murder in the first or other degrees, whether or not there is a specific intent to kill * * * an instruction defining the law applicable to such a state of facts may and should be given. An instruction as to a collateral offense should properly define and explain the other offense involved * * *.”
The trial court properly defined and explained the other offense involved. The instructions, when considered and read together, were not contradictory and clearly and adequately informed the jury of the applicable law. We find no error in them. The judgment of the trial court is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, JJ., concur.